Case 2:03-cv-05306-JLL-CCC   Document 49   Filed 01/24/07   Page 1 of 4 PageID: 688

**UNITED STATES DISTRICT COURT**
**District of New Jersey**

CHAMBERS OF
**JOSE L. LINARES**
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**

**LETTER OPINION**
**ORIGINAL TO BE FILED WITH THE CLERK OF THE COURT**

January 22, 2007

Re: **Carletta v. Cowen**
     **No. 03-5306**

Dear Parties:

     Plaintiff, Helen Carletta, proceeding *pro se* was involved in a serious car accident on February 7, 1991. She filed two lawsuits stemming from this accident. First, she sued the drivers at fault in the accident in New Jersey Superior Court (Carletta v. Donovan). She also filed a PIP action against an insurance carrier for medical benefits in state court (Carletta v. HCM & MTF).

     During the course of these lawsuits, Plaintiff hired and fired numerous attorneys. Defendants Martin H. Cowen, Esq., and his law firm, Sullivan & Cowen, P.A. (the "Cowen defendants") represented Plaintiff during the trial of her case against the drivers. Prior to the completion of the trial, Plaintiff agreed to settle the case for $45,000.00. It appears that the other action, Carletta v. HCM & MTF, was dismissed.

     Plaintiff filed a lawsuit in this Court claiming that the Cowen defendants committed legal malpractice[1] by (1) failing to advise Plaintiff of her appellate remedies; (2) failing to properly advise Plaintiff regarding the settlement of her case; (3) failing to oppose a motion to enforce the settlement; and (4) failing to provide a proper accounting to Plaintiff. Plaintiff claims that the Cowen defendants' actions injured her because such resulted in her accepting a settlement which was significantly lower than the true value of her case against the drivers and resulted in dismissal of the PIP action.[2]

---

    [1] Plaintiff couches her claims in terms of negligence, breach of fiduciary duty, and breach of contract; however, it appears undisputed that they are essentially legal malpractice claims.

    [2] Plaintiff also asserted legal malpractice claims against her former attorneys Janet Sullivan, Esq., of Porzio, Bromberg & Newman, and Francis Tomes, Esq., Richard Galex, Esq.,

The Cowen defendants filed a motion for summary judgment on August 20, 2004. They argue that Plaintiff failed to comply with New Jersey's affidavit of merit statutory provisions, N.J.S.A. § 2A:53A-26 - 29.[3] Due to a clerical error, this motion was inadvertently terminated from the docket on September 16, 2004. The Court apologizes to the parties for this error. Generally, the Court does not permit motions to remain pending for such a long period of time. In any event, the Cowen defendants' summary judgment motion is considered below. For the following reasons, the motion is denied.[4]

New Jersey requires that a plaintiff pursuing a damages action against a licensed professional, such as an attorney, file an affidavit of an appropriate licensed person[5] stating that there "exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices." N.J.S.A. § 2A:53A-27. The purpose of this statute is to require plaintiffs in malpractice cases to make a threshold showing that their claim is meritorious. See, e.g., Cornblatt v. Barow, 708 A.2d 401, 412 (N.J. 1998).

This affidavit must be filed within 60 days following the date that the defendant filed his answer.[6] See N.J.S.A. § 2A:53A-27. The statute provides that the Court may grant one extension

---

and Phillip Tortoreti, Esq., of Galex, Tortoreti & Tomes. The claims against Ms. Sullivan and her law firm were dismissed on August 24, 2004. The claims against the attorneys at Galex, Tortoreti & Tomes remain. The Court does not discuss the allegations against these defendants because they are not parties to the instant motion to dismiss.

[3] The parties do not dispute that the affidavit of merit statute applies to federal court cases based on diversity jurisdiction. See, e.g., Chamberlain v. Giampapa, 210 F.3d 154, 160-61 (3d Cir. 2000).

[4] The Court did not hear oral argument on this motion. See Fed. R. Civ. P. 78.

[5] The licensed person can be licensed in any state and must have at least five years expertise in the general subject area involved in the lawsuit (measured by board certification or substantial devotion of one's practice to the particular subject). The licensed professional cannot have a financial interest in the outcome of the litigation. N.J.S.A. § 2A:53A-27.

[6] New Jersey courts have held that where a plaintiff has sued multiple defendants, the time period under the affidavit of merit statute begins to run on the date that each defendant filed an answer, not on the date that the last answer was filed. See, e.g., In re Petition Hall, 688 A.2d 81, 87 (N.J. 1997) ("[t]he time for filing the affidavit is calculated . . . from the date of *each defendant's answer*") (emphasis added); Kubiak v. Robert Wood Johnson University Hospital, 753 A.2d 166, 169 (N.J. Super Ct. App. Div. 2000) (indicating that the time period begins to run as to each defendant when that defendant answers). The Third Circuit has criticized this approach, see Snyder v. Pascack Valley Hospital, 303 F.3d 271, 276-77 (3d Cir. 2002), but

of time to file the affidavit upon a showing of good cause; however, this extension is not to exceed 60 days.  See id.  Generally speaking, courts give plaintiffs this extension, and thus, a plaintiff has 120 days from the date that the defendant's answer is filed to submit an affidavit of merit.  See Burns v. Belafsky, 741 A.2d 649, 653-54 (N.J. Super Ct. App. Div. 1999); see also Knorr v. Smeal, 836 A.2d 794, 798 (N.J. 2003) ("a plaintiff must file an affidavit of merit within 120 days of the filing of the answer or face dismissal of the complaint with prejudice, absent some equitable justification").

The Cowen defendants filed their answer to Plaintiff's complaint on March 25, 2004.  On April 30, 2004, Plaintiff submitted an application to extend the time to file an affidavit of merit.  Magistrate Judge Ronald J. Hedges signed an order on May 12, 2004, granting Plaintiff an extension of time to file an affidavit of merit as to Sullivan and Porzio only.  Since they filed their answer on April 8, 2004, Plaintiff had 120 days from that date, or until August 6, 2004, to file an affidavit as to those defendants.  Judge Hedges did not address Plaintiff's request for an extension of time to file an affidavit of merit with respect to the Cowen defendants.  In fact, the Cowen defendants submitted a letter in opposition to Plaintiff's request for an extension of time to file the affidavit of merit on May 13, 2004.  Presumably due to an oversight, the Court never addressed Plaintiff's request as to the Cowen defendants.

Thus, without an extension, Plaintiff's affidavit of merit as to the Cowen defendants was due on or about May 24, 2004—60 days after their answer was filed.  With the additional 60 day extension, Plaintiff's affidavit of merit as to the Cowen defendants was due on approximately July 23, 2004.

Plaintiff does not dispute that the affidavit of merit statue applies to her claims.  She served an affidavit of merit on the Cowen defendants on August 6, 2004 and filed the document three days later, on August 9, 2004.  This affidavit was signed by Steven Kudatzky, Esq.

Thus, it is clear that Plaintiff did not file the affidavit of merit within the applicable time period.  However, the Court may excuse Plaintiff's failure to strictly comply with the affidavit of merit statute if equitable considerations warrant doing so.  See, e.g., Knorr, 836 A.2d at 798 ("a plaintiff must file an affidavit of merit within 120 days of the filing of the answer or face dismissal of the complaint with prejudice, absent some equitable justification").  In this case, the totality of the circumstances justify a finding that Plaintiff's August 6, 2004 affidavit of merit was timely submitted.

The Court's May 12, 2004 order setting a due date for the affidavit of merit as to Sullivan and Porzio only, even though Plaintiff's request was directed at all defendants, created confusion as to when Plaintiff's affidavit of merit as to the Cowen defendants was due.  The Court's failure to issue an order as to the Cowen defendants, even after they submitted an opposition to Plaintiff's request for an extension of time, only increased this confusion.  See Snyder v. Pascack

---

recognizes the New Jersey Supreme Court's language in In re Petition Hall.

Valley Hospital, 303 F.3d 271, 275-76 (3d Cir. 2002) (stating that errors by the clerk's office which created confusion in the early stages of a case constituted exceptional circumstances excusing untimely filing of affidavit of merit).

Plaintiff did in fact submit an affidavit of merit, the contents of which are not challenged at this juncture, on or about August 6, 2004, the date specified in Judge Hedges's order.  The Cowen defendants did not file a motion to dismiss until *after* the affidavit of merit was filed.  See Knorr, 836 A.2d at 796 ("a defendant who filed a motion to dismiss after receipt of an untimely affidavit of merit forfeited his right to relief").  There is no indication that the Cowen defendants suffered any demonstrable prejudice by receiving Plaintiff's affidavit of merit approximately 134 days after their answer was filed, as opposed to 120 days.

In light of the foregoing, the statute's purpose is best implemented by construing Plaintiff's affidavit of merit as timely and allowing this matter to proceed against the Cowen defendants.  See Snyder, 303 F.3d at 275-76 (holding that the affidavit of merit statute's purpose was best implemented by allowing the 120 day time period to begin to run from the date that the defendant's answer to the final amended complaint was filed).  Therefore, Defendants' motion for summary judgment is denied.  An appropriate order accompanies this letter opinion.

                                                          /s/ Jose L. Linares
                                                          UNITED STATES DISTRICT JUDGE